UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DOUG LONGHINI,

      Plaintiff,

v.

MACABA CORP., and LA
MINUTERA FISH & CHIPS,
CORP., D/B/A LA MINUTERA
SEAFOOD RESTAURANT,

      Defendants.
_____/

## COMPLAINT

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues MACABA CORP., and LA MINUTERA FISH & CHIPS, CORP., D/B/A LA MINUTERA SEAFOOD RESTAURANT, (hereinafter "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

1

4. Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris.*

5. At all times material, Defendant, MACABA CORP., owned a commercial property at 2839 West 2nd Avenue, Hialeah, Florida 33010 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

6. At all times material, Defendant, MACABA CORP., was and is a Florida Profit Corporation organized under the laws of the State of Florida, with its principal place of business in Miami, Florida.

7. At all times material, Defendant, LA MINUTERA FISH & CHIPS, CORP., D/B/A LA MINUTERA SEAFOOD RESTAURANT, owned and operated a commercial restaurant at 2839 West 2nd Avenue, Hialeah, Florida 33010 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade, Florida. Defendant, LA MINUTERA FISH & CHIPS CORP., holds itself out to the public as "LA MINUTERA SEAFOOD RESTAURANT."

8. At all times material, Defendant, LA MINUTERA FISH & CHIPS, CORP., D/B/A LA MINUTERA SEAFOOD RESTAURANT, was and is a Florida Profit Corporation, organized under the laws of the State of Florida, with its principal place of business in Hialeah, Florida.

9. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property, and restaurant business located within the Commercial Property, is located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

10. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

11. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' business and property.

12. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

13. Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff uses a wheelchair to ambulate. Plaintiff, DOUG LONGHINI, has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

14. Defendant, MACABA CORP., owns, operates and/or oversees the Commercial Property, its general parking lot/or and parking spots specific to the business therein, exterior and interior paths of travel.

15. Defendants, MACABA CORP., and LA MINUTERA FISH & CHIPS, CORP., D/B/A LA MINUTERA SEAFOOD RESTAURANT, own, operate and/or oversee the restaurant business located within the Commercial Property, to include the restrooms, property and places of public accommodation is located in Hialeah, Florida.

16. Mr. Longhini is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

17. He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. Mr. Longhini is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

18. The subject Commercial Property is open to the public and is located in Hialeah, Miami-Dade County, Florida. The individual Plaintiff frequents the Commercial Property, including a visit on April 20, 2023, and continues patronage through the filing of this Complaint. The Plaintiff has encountered multiple ADA violations that directly affected his ability to use and enjoy the Commercial Property. He often visits the Commercial Property, and business located within the Commercial Property, in order to avail himself of the goods and services offered there, and because it is approximately seventeen (17) miles from his residence and is near other businesses and restaurants he frequents as a patron. He plans to return to the Commercial Property within two (2) months of the filing of this Complaint in order to avail himself of the goods and services offered at the places of public accommodation and check if it has been remediated of the ADA violations he encountered.

19. The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of each of the premises.

20. The Plaintiff has encountered architectural barriers that are in violation of the ADA

at the subject Commercial Property, and business located within the Commercial Property. The barriers to access at the Commercial Property, and the business located within the Commercial Property, have each denied or diminished Plaintiff's ability to visit the Commercial Property, and the business located within the Commercial property, and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

21. Defendants, MACABA CORP., and LA MINUTERA FISH & CHIPS, CORP., D/B/A LA MINUTERA SEAFOOD RESTAURANT, own and/or operate places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, MACABA CORP., and LA MINUTERA FISH & CHIPS, CORP., D/B/A LA MINUTERA SEAFOOD RESTAURANT, are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, MACABA CORP., and LA MINUTERA FISH & CHIPS, CORP., D/B/A LA MINUTERA SEAFOOD RESTAURANT, own and/or operate is located at the Commercial Property at 2839 West 2nd Avenue, Hialeah, Florida 33010.

22. Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property, including but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property, not only to avail himself of the goods and services available at the Commercial Property, but to assure himself that the Commercial Property is in compliance with

the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property without fear of discrimination.

23. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

### COUNT I - ADA VIOLATIONS AS TO DEFENDANT, MACABA CORP.

24. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

25. Defendant, MACABA CORP., has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. Parking and Exterior Accessible Route

i. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: Accessible parking spaces lack clear and level aisles and have an excessive slope or cross slope of 3.5% (>2%), violating Section 502 of the ADAAG, whose resolution is readily achievable.

ii. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: Accessible parking spaces lack clear and level aisles and have an excessive slope or cross slope of 4.9% (>2%), violating Section 502 of the ADAAG, whose resolution is readily achievable.

iii. The Plaintiff had difficulty exiting the vehicle, as accessible spaces lack clear and

        level aisles. Violation: The accessible spaces aisles have slopes or cross slopes of 3.8% (>2%), violating Section 502 of the ADAAG, whose resolution is readily achievable.

iv.    The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are not located on firm, stable, and level slip-resistant surfaces. Violation: The accessible spaces have a cross slope that measures 3.3%, violating Section 502 of the ADAAG and 2010 ADAS, whose resolution is readily achievable.

v.    The Plaintiff had difficulty exiting the vehicle, as accessible spaces are not located on firm, stable, and level slip-resistant surfaces. Violation: Accessible parking spaces have a cross slope that measures 3.4%, violating Section 502 of the ADAAG and 2010 ADAS, whose resolution is readily achievable.

B.  <u>Entrance Access and Path of Travel</u>

i.    The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are no compliant routes from transit, sidewalk, and parking areas for the Plaintiff to access the Commercial property, violating Sections 4.1.2 and 4.3 of the ADAAG and Sections 402, 403, 405, and 406 of the 2010 ADAS, whose resolution is readily achievable.

ii.    The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: Accessible routes at the Commercial Property have a 3.1% cross slopes (>2%) creating hazardous conditions, violating Section 4.3 of the ADAAG and Sections 402 and 403 of the 2010 ADAS, whose resolution is readily achievable.

**COUNT II - ADA VIOLATIONS AS TO DEFENDANTS, MACABA CORP., and LA MINUTERA FISH & CHIPS, CORP., D/B/A LA MINUTERA SEAFOOD**

**RESTAURANT**

26. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

27. Defendants, MACABA CORP., and LA MINUTERA FISH & CHIPS, CORP., D/B/A LA MINUTERA SEAFOOD RESTAURANT, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. <u>Access to Goods and Services</u>

i. The Plaintiff could not use the table-top and writing surfaces as they are too high. Violation: The table-top at the facility is greater than 34" (28" / 34" max), violating Section 902.3 of the 2010 ADA Standards and Sections 4.32.4, 5.2 and 5.4 of the ADAAG, whose resolution is readily achievable.

ii. The Plaintiff could not enter the facility through the door without assistance, as its opening was blocked by obstructions. Violation: There is a maneuvering clearance issue at the door, violating Table 404.2.4.2 of the 2010 ADA Standards, whose resolution is readily achievable.

B. <u>Public Restrooms</u>

i. The Plaintiff could not use the restroom mirror, as the bottom-reflecting surface is at 51.5". Violation: The mirrors provided in the restrooms are at a height greater than 40 AFF, violating Section 603.3 of the 2010 ADA Standards and Section 4.19.6 of the ADAAG, whose resolution is readily achievable.

ii. The Plaintiff was unable to use the soap dispenser controls without assistance, as it

    is mounted at a height above the allowed 48". Violation: The soap dispenser is installed at 52" (48" AFF max), in violation of the ADAAG and 2010 ADAS Section 308, whose resolution is readily achievable.

iii. The Plaintiff could not use the paper towel dispenser without assistance, as it is mounted at a height above the allowed 48". Violation: The paper towel dispenser is installed at 57.5" (48" AFF max), violating Section 308 of the 2010 ADAS, whose resolution is readily achievable.

iv. The toilet paper dispenser is mounted at a distance greater than 7-9" in front of seat, creating hazard for Plaintiff. Violation: Toilet paper dispenser is mounted on the wall in front of the toilet at a distance greater than 7-9", violating section 604.7 of the 2010 ADAS and Section 4.16.6 of the ADAAG, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

28. The discriminatory violations described in the Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and equal enjoyment of the Commercial Business; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

29.     The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' building, businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

30.     Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

31. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

32. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their places of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all the areas of non-compliance with the Americans with Disabilities Act.

33. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if any Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by each Defendant.

34. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located at and/or within the commercial property located at 2839 West 2nd Avenue, Hialeah, Florida 33010, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, the Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: January 9, 2024

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: (305)553-3464
Facsimile: (855) 205-6904
Primary Email:  ajperez@lawgmp.com
Secondary Email: bvirues@lawgmp.com;
jacosta@lawgmp.com

By:  */s/ Anthony J. Perez*
       ANTHONY J. PEREZ
       Florida Bar No.: 535451